UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SOLOMONA RICKY PATU,

                Plaintiff,

   v.

B. SMOKOSKA, et al.,

                Defendant.

CASE NO. 2:22-cv-00895-RSM-BAT

**REPORT AND RECOMMENDATION**

        On April 20, 2022, Plaintiff, a prisoner, submitted a proposed 42 U.S.C. § 1983 complaint and motion for leave to proceed *in forma pauperis* (IFP). Dkt. 1. More than three of the numerous complaints Plaintiff has filed in this Court have been dismissed as frivolous or for failure to state a claim. The Court therefore recommends finding Plaintiff ineligible to proceed IFP; Plaintiff be directed to pay the filing fee within 14 days of adoption of this recommendation; and the matter be dismissed if Plaintiff fails to do so.

        Plaintiff is a prisoner at the Monroe Correctional Complex-SOU (MCC). His three-count complaint alleging violations of the Eighth and Fourteenth Amendments names as Defendants Sgt. B. Smokoska, Corrections officer Albert; and Melinda Murry. Dkt.1 In Count I, Plaintiff "junk" or feces was coming out of the sink in cell 201. Plaintiff alleges he complained to Defendant Smokoska and Murray about the sink and asked to be moved to another cell but

REPORT AND RECOMMENDATION - 1

1  instead of granting the request, Defendants informed Plaintiff a work order was placed to
2  examine the sink. Plaintiff contends that since the sink still has problems, Defendants have been
3  deliberately indifferent to his needs in violation of the constitution and that Plaintiff is exposed to
4  "possible harm."

5      In Count II, Plaintiff alleges Defendants violated his rights by not moving Plaintiff out of
6  cell 201, and thereby causing him "medical stress" that placed him in imminent danger.

7      In Count III, Plaintiff again alleges his cell is "contaminated" and Defendants' failure to
8  move him to another cell violates the constitution because it causes Plaintiff "great stress" and a
9  "great burden."

## DISCUSSION

The Court's records show Plaintiff has filed six complaints this year. Plaintiff is also a prisoner who has filed three or more civil actions which have previously been dismissed as frivolous or for failure to state a claim. Plaintiff is thus barred from bringing any other civil action or appeal IFP unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). A review of the Court's records shows at least three of the cases Plaintiff filed while incarcerated were dismissed as frivolous or for failure to state a claim.

In *Patu v. Albert*, Plaintiff's case was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). *See* Dkt. 14 in Case No. 14-765 MJP. In *Patu v. Lee, et al.,* Plaintiff's case was dismissed for failure to state a claim and the dismissal counted as a strike under Section 1915(g) (appeal pending). *See* Dkt. 14 and 17 in Case No. 15-5332 RJB. In *Patu v. Albert,* Plaintiff's case was dismissed for failure to state a claim. *See* Dkt. 11, 13-14 in Case No. 15-722 RSM. And in *Patu v. Bennett,* Plaintiff's case was dismissed for failure to state a claim. Dkt. 15, 16 in Case No. 14-765 MJP.

REPORT AND RECOMMENDATION - 2

|   |   |
|---|---|
| 1 | The Court's records thus establish Plaintiff is barred from proceeding IFP absent a |
| 2 | showing he was "under imminent danger of serious physical injury," at the time he signed his |
| 3 | civil rights complaint on April 21, 2014. See 28 U.S.C. § 1915(g). |
| 4 | The complaint here alleges "junk" is coming out of the sink in cell 201.  The complaint |
| 5 | does not contain any facts as to when this occurred, or whether this is still occurring. The |
| 6 | complaint indicates Plaintiff complained about the sink over a period of weeks indicating that it |
| 7 | was an on-going problem, at least for that time period.  Although the complaint alleges Plaintiff |
| 8 | is in "imminent danger" it provides no facts in support of that legal conclusion. Further Plaintiff |
| 9 | must show he was  under "imminent danger of serious physical injury," when he filed his |
| 10 | complaint in June 2022, not that he was under "stress" or "burdened" as alleged. *See Andrews v.* |
| 11 | *Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). |
| 12 | The Court also notes that while the complaint alleges deliberate indifference, there is no |
| 13 | allegation Defendants ignored Plaintiff's complaints. To the contrary the complaint alleges |
| 14 | Defendants sought to remedy the sink problem and told Plaintiff a work order was placed. |
| 15 | The Court has liberally construed the facts alleged and finds Plaintiff ineligible to file this |
| 16 | lawsuit in federal court without paying $400.00 ($350.00 filing fee plus $50.00 administrative |
| 17 | fee). *See* 28 U.S.C. § 1915(g); *see also, Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005) |
| 18 | (holding that once the prisoner has been placed on notice by the district court of potential |
| 19 | disqualification for IFP status under § 1915(g), "the prisoner bears the ultimate burden of |
| 20 | persuading the court that § 1915(g) does not preclude IFP status"). |
| 21 | The Court accordingly recommends Plaintiff's IFP application (Dkt. 1) be **DENIED** |
| 22 | based on the three-strikes rule of 28 U.S.C. 1915(g); within 14 days of adoption of this |
| 23 |   |

REPORT AND RECOMMENDATION - 3

recommendation, Plaintiff must pay the $400.00 filing fee in order to proceed with his complaint; and that if he fails to do so the case will be dismissed.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **July 13, 2022.** The Clerk should note the matter for **July 15, 2022**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 29th day of June, 2022.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4